UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTWAUN JOHNSON,                  )
                                 )
        Plaintiff,               )
                                 )
v.                               )        No. 3:25-CV-33-KAC-JEM
                                 )
JOSEPH LITTON,                   )
PHOENIX MCCLENNEY, and           )
APRIL BRADSHAW,                  )
                                 )
        Defendants.              )
                                 )

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Application to Proceed in District Court without

Prepaying Fees or Costs ("Amended Application") [Doc. 11] and his Complaint [Doc. 1]. For the

reasons more fully stated below, the Court **GRANTS** Plaintiff's Amended Application [**Doc. 11**].

The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The

Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint.

## I.    DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Amended Application [Doc. 11] with the required detailing of his

financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal

court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25,

27 (1992). The Court's review of an application to proceed without paying the administrative costs

of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*,

915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned

solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness

is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income, a few assets, and many expenses. Considering Plaintiff's Amended Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915. To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

2

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff filed the Complaint against Defendants Joseph Litton, a private citizen; Phoenix McClenney, the Sheriff's Deputy; and April Bradshaw, the Assistant District Attorney [Doc. 1 p. 3]. According to Plaintiff, on May 18, 2024, he received a telephone call from his wife, Ashley Johnson ("Ms. Johnson") [*Id*. at 4]. Ms. Johnson told Plaintiff "that her daughter had been taken by her father's brother, [Defendant] Litton" [*Id*.]. Plaintiff told Ms. Johnson to go directly to the Sheriff's Office, and he would meet her there [*Id*.].

Plaintiff alleges that upon his arrival, he learned that Ms. Johnson had to wait for a senior officer before anyone could take any action [*Id*.]. Once the senior officer and Defendant McClenney arrived, Plaintiff and Ms. Johnson explained the circumstances surrounding the incident [*Id*.]. They told the officers that Defendant Litton violated a court order by slamming the door in Ms. Johnson's face, forcibly taking the child inside the house, and making derogatory comments regarding her attitude [*Id*.]. "Instead of addressing this serious violation," Plaintiff

3

alleges that "the senior officer and Defendant McClenney chose to speak with Defendant Litton" [*Id.*].

Later that night, five or six officers visited Plaintiff's house [*Id.*]. Defendant McClenney asked for Plaintiff's date of birth and then arrested Plaintiff "without providing any explanation or paperwork, merely stating it was related to Adam Litton" [*Id.*]. Plaintiff was charged with harassment, and his bond was set at $1,000 [*Id.*]. His attorney advised him to plead guilty to the charges even though Plaintiff was innocent [*Id.*]. He alleges that "[Defendant McClenney] and the senior officer[] had a responsibility to properly investigate the claims against [him]" [*Id.*]. "Throughout the ordeal," Plaintiff states that he "observed a pattern of negligence and misconduct on the part of the law enforcement officers involved" [*Id.*]. He contends that "[d]espite the clear evidence that [Defendant] Litton posed a threat, the officers failed to take appropriate action and instead chose to instigate charges against [Plaintiff] without any probable cause" [*Id.*]. Plaintiff notes that "[n]either [Defendant] Litton nor the officers appeared in court when asked, and [Defendant] Litton's absence during the preliminary hearing made it evident that his accusations were baseless" [*Id.*].

Plaintiff alleges defamation, malicious prosecution, false arrest, and loss of liberty period [*Id.* at 5]. He seeks $19,000 in damages and asks the Court "to address the systematic injustices that may persist within the sheriff's department" [*Id.*].

Plaintiff utilizes the 42 U.S.C. § 1983 form complaint [Doc. 1 p.1]. Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant

4

caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

With respect to Defendant Bradshaw, Plaintiff does not include any allegations against her. *See Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) ("[The] complaint failed to state a claim for relief because [the plaintiff] did not allege that the defendants were personally involved in or responsible for the alleged deprivation of his federal rights." (citations omitted)). And because Defendant Litton is a private actor, he generally cannot be held liable under § 1983. *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018).[1]

Turning to Plaintiff's claims, he alleges malicious prosecution. A malicious prosecution claim has four elements: "(1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (citations omitted and alteration in original). Plaintiff has not alleged all the elements of a malicious prosecution claim, including the fourth element—that the criminal proceeding resolved in his favor. And reasonable inferences indicate that it did not [*See* Doc. 1 p. 4 ("I hired an attorney, who regrettably, advised me to plead guilty to the charges.")].

Plaintiff also alleges a false arrest claim. "[T]o successfully state a § 1983 claim for false arrest under the Fourth Amendment, [the plaintiff] must plausibly allege that [the defendant] 'lacked probable cause to arrest' him." *Stacy v. Clarksville Police Dep't*, 771 F. Supp. 3d 1024,

---

[1]    While there are exceptions to this general rule, *see Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (explaining the exceptions), Plaintiff has not alleged any.

5

1036 (M.D. Tenn. 2025) (quoting *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). Plaintiff claims that Defendant Litton arrested him without probable cause [Doc. 1 p. 4]. But he also states that his attorney "advised [him] to plead guilty to the charges" [*Id.*]. "Probable cause is a bar to § 1983 claims from illegal searches, seizures, or detentions." *Lee v. Underwood*, No. 1:23-CV-01716, 2025 WL 296026, at *4 (N.D. Ohio Jan. 24, 2025) (citation omitted). "And an arrestee cannot later bring a claim for false arrest when that arrestee pleads guilty to the charges against him." *Curtis v. Lauderdale Cnty.*, No. 2:23-CV-02528, 2025 WL 367405, at *5 (W.D. Tenn. Jan. 27, 2025). Given that, Plaintiff's claim is barred.

Finally,[2] Plaintiff's defamation claim arises under state law. In Tennessee, plaintiff must allege: (1) "a party published a statement;" (2) "with knowledge that the statement is false and defaming to the other;" or (3) "with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). Plaintiff does not allege these elements.[3]

In light of these deficiencies, the Court allowed Plaintiff an opportunity to amend his Complaint in light of his pro se status and directed Plaintiff to file an amended complaint on or before September 5, 2025 [Doc. 12]. Plaintiff, however, did not file an amended complaint.

---

[2]     Plaintiff also alleges loss of liberty [Doc. 1 p. 5]. This does not appear to be a cause of action, but instead, the injury resulting from the alleged constitutional violations.

[3]     To the extent there are no viable federal claims, the Court would likely not have jurisdiction over Plaintiff's defamation claim. Federal courts have jurisdiction when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). Plaintiff has not alleged facts to show that diversity of citizenship exists in this case. Based on the allegations in the Complaint, and reasonable inferences from those allegations, the parties reside in Tennessee, and Plaintiff seeks $19,000 in damages [*See* Doc. 1 pp. 4–5].

6

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 11**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[4] because the undersigned **RECOMMENDS**[5] that the Complaint [Doc. 1] be **DISMISSED** in its entirety.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4]    This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5]    Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7